**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**Chambers of**
**Stephanie A. Gallagher**
**United States District Judge**

**101 West Lombard Street**
**Baltimore, Maryland 21201**
**MDD_SAGChambers@mdd.uscourts.gov**
**(410) 962-7780**

August 21, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *Genetta S. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. 25-2116-SAG

Dear Counsel:

On July 1, 2025, Plaintiff Genetta S. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. I have considered the record in this case and the parties' briefs. ECF Nos. 11, 12, 14, 15. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the Commissioner's decision. This letter explains why.

## I. PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefit benefits ("DIB") on March 30, 2021, alleging a disability onset of January 10, 2017, which was later amended to June 1, 2021. Tr. 275-314. Plaintiff's claims were denied initially and on reconsideration. Tr. 219-224. On February 29, 2024, an Administrative Law Judge ("ALJ") held a hearing. Tr. 229-231. Following the hearing, on May 28, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 100-116. On May 8, 2025, the Appeals Council denied Plaintiff's request for review, Tr. 94-99, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination

[1] 42 U.S.C. §§ 301 et seq.

using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity during the period from her amended alleged onset date of June 1, 2021 through her date last insured of December 31, 2022." Tr. 20. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease of the lumbar spine; osteoarthritis of the left shoulder and left wrist; partial left rotator cuff tear; obesity." Tr. 20. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 22. The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except [s]he can occasionally lift and or carry, including upward pulling, 10 pounds. She can frequently lift and/or carry, including upward pulling, less than 10 pounds. She can stand and or walk with normal breaks for a total of 2 hours in an 8-hour workday. She can sit with normal breaks for a total of 6 hours in an 8-hour workday. She can occasionally climb ramps and stairs. She can occasionally climb ladders, ropes, and scaffolds. She can occasionally balance, stoop (defined as bending at the waist), kneel, crouch (defined as bending at the knees) and crawl.

Tr. 23. The ALJ determined that Plaintiff was capable of performing past relevant as a receptionist and that this work did not require the performance of activities precluded by the claimant's residual functional capacity. Tr. 28. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 28.

## III. <u>LEGAL STANDARD</u>

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV. ANALYSIS

On appeal, Plaintiff argues that remand is required because the ALJ failed to account for her mild mental limitations in the RFC despite finding them at step two, omitted manipulative limitations despite finding severe shoulder and wrist impairments, and failed to evaluate her need for a cane. Further, Plaintiff contends that these errors tainted the step-four finding that she could perform her past relevant work and argues that, because of changes to the past relevant work regulations, the Court should remand for an outright award of benefits rather than further administrative proceedings. ECF No. 12 at 2-26.

The Commissioner responds that substantial evidence supports the ALJ's decision and that the correct legal standards were applied. The Commissioner argues that the ALJ reasonably found Plaintiff's mental impairments nonsevere with no resulting functional limitations requiring RFC restrictions, adequately evaluated the physical evidence, properly declined to include cane-related limitations unsupported by the record, and correctly concluded that Plaintiff could perform her past sedentary work. ECF No. 14 at 1, 6-16.

In reply, Plaintiff maintains that the Commissioner mischaracterizes her argument by framing it as a request for a categorical rule requiring mild mental limitations in every RFC. Instead, Plaintiff argues that the ALJ committed reversible legal error by failing to explain why mental limitations found credible at step two disappeared from the RFC, reiterates that the ALJ omitted established manipulative and cane-related limitations, and renews her request for remand or an outright award of benefits. ECF No. 15 at 1-10.

First, the Court evaluates Plaintiff's contention that the ALJ did not properly apply the special technique regulation. When an ALJ evaluates the severity of a claimant's mental impairment, they "must follow a special technique." 20 C.F.R. § 404.1520a; *Sandra C. v. Kijakazi*, No. TJS-20-3065, 2021 WL 5937069, at *2 (D. Md. Nov. 23, 2021) (citing *Patterson v. Comm'r of Soc. Sec. Admin*, 846 F.3d 656, 661 (4th Cir. 2017) ("The special-technique regulation's plain language describes what the SSA *must* do.")). Importantly, "the special-technique regulation affects how an ALJ evaluates and documents his process at steps 1 through 4 if the claimant alleges a mental impairment." *Id.*; *accord*, *Grant D. v. Saul*, No. DLB-19-3102, 2021 WL 1222946, at *3 (D. Md. Mar. 31, 2021).

If the claimant is found to have such a mental impairment, then the reviewing authority must "rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c)," 20 C.F.R. §§ 404.1520a(b)(2), 416.920a(b)(2). Paragraph (c) specifies four broad functional areas: (1) "understand, remember, or apply information"; (2) "interact with others"; (3) "concentrate, persist, or maintain pace"; and (4) "adapt or manage oneself"—which correspond with the "paragraph B criteria" of the listings for mental disorders as explained in 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(A)(2)(b)). 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3).

"To satisfy the paragraph B criteria, [a claimant's] mental disorder must result in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning." 20 C.F.R.

pt. 404, subpt. P, app. 1 § 12.00(A)(2)(b). According to the regulations, if the degree of limitation in each of the four areas is rated "none" or "mild," then the reviewing authority generally will conclude that the claimant's mental impairment is not "severe," "unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).

Here, at step two of the sequential evaluation process, the ALJ concluded Plaintiff suffered from generalized anxiety and depression but that the impairment was nonsevere. Tr. 20. In reaching that conclusion, the ALJ expressly applied the special technique and considered each of the four broad areas of mental functioning. Tr. 21–22. Specifically, the ALJ found that Plaintiff had mild limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing herself. Tr. 22.

The ALJ explained the evidentiary basis for each finding. For example, as to understanding, remembering, or applying information, the ALJ acknowledged Plaintiff's reported difficulty remembering and completing tasks but observed that Plaintiff could perform simple maintenance, prepare meals, pay bills, attend medical appointments, take medications, use public transportation, shop, read, and play games. Tr. 22. The ALJ further noted that Plaintiff could provide information concerning her health, describe her prior work history, follow instructions from healthcare providers, and respond to providers' questions. Tr. 22.

Based on that analysis, the ALJ concluded that Plaintiff's mental impairments caused no more than mild limitations in any of the four functional areas and that the evidence did not otherwise indicate more than a minimal limitation in Plaintiff's ability to perform basic work activities. Tr. 22. Accordingly, the ALJ found Plaintiff's mental impairments nonsevere pursuant to 20 C.F.R. § 404.1520a(d)(1). Tr. 22. Thus, contrary to Plaintiff's contention, the ALJ complied with the special-technique regulation by identifying Plaintiff's medically determinable mental impairments, rating the degree of limitation in each of the four functional areas, and documenting the findings and conclusions reached through that analysis.

Plaintiff's argument also appears to conflate the paragraph B ratings used in applying the special technique with specific work-related restrictions that necessarily must appear in the RFC. The ALJ expressly recognized the distinction between the two inquiries, explaining that the paragraph B criteria "are not a residual functional capacity assessment" and that the mental RFC assessment employed at steps four and five "requires a more detailed assessment." Tr. 22. The ALJ then expressly stated that the RFC assessment that followed "reflects the degree of limitation" found in the paragraph B mental-function analysis. Tr. 22. The RFC, in turn, limited Plaintiff to a reduced range of sedentary work. Tr. 23. Thus, this is not a case in which the ALJ identified mental impairments at step two and thereafter failed to indicate whether she considered them when assessing Plaintiff's RFC.

Second, Plaintiff argues that the ALJ erred by failing to include manipulative limitations in the RFC despite finding osteoarthritis of the left shoulder and wrist and a partial left rotator cuff tear to be severe impairments. ECF No. 12 at 14-20. The Court disagrees. The finding that an

impairment is severe at step two does not necessarily require a corresponding restriction in the RFC. Rather, the ALJ must consider the functional effects of the impairment in assessing the claimant's RFC. *See* 20 C.F.R. § 404.1545(a).

Here, the ALJ acknowledged Plaintiff's partial left rotator cuff tear and shoulder pain with overhead reaching, but also noted that imaging showed largely intact shoulder structures and that Plaintiff retained 5/5 strength, intact sensation, and the ability to pinch her fingers, abduct and adduct her fingers, and flex and extend her wrist. Tr. 24-25. The ALJ also considered Plaintiff's left hand and wrist osteoarthritis, but observed that she retained good flexion and extension and that her symptoms improved with injections. Tr. 24–26. Although Dr. Kurup opined that Plaintiff could not grip or grasp bilaterally, and CRNP Okoro assessed significant reaching and manipulation restrictions, the ALJ expressly considered and discounted both opinions as inconsistent with the objective evidence and other examination findings. Tr. 27–28. Accordingly, the ALJ adequately considered Plaintiff's upper-extremity impairments, and substantial evidence supports the omission of additional manipulative limitations from the RFC.

Third, Plaintiff argues that the ALJ failed to adequately evaluate her need for an assistive device, emphasizing that she used a cane before transitioning to a walker in 2022. ECF No. 12 at 20-24. The Court again disagrees. Although the ALJ specifically stated that Plaintiff's walker use was not established as medically necessary, she did not reach that conclusion based on speculation. The ALJ analyzed findings and records documenting a stable gait without gross balance disturbances, normal lumbar motion with only mild pain, 5/5 strength, intact sensation and reflexes, and negative straight-leg-raise, Romberg, and Clonus testing. Tr. 24. The ALJ also considered and discounted Dr. Kurup's opinion that Plaintiff required significant assistance to stand and walk as inconsistent with these objective findings and similarly found CRNP Okoro's extreme standing and walking limitations unsupported by the objective evidence. Tr. 27–28. Thus, although the ALJ did not separately discuss every reference to Plaintiff's cane use, the decision demonstrates that she considered whether Plaintiff's alleged need for an assistive device warranted an RFC limitation and explained why the objective evidence did not support one.

Finally, Plaintiff argues that the foregoing errors undermine the ALJ's determination that she could perform her past relevant work as a receptionist. ECF No. 12 at 24. Because, as explained above, the Court finds no reversible error in the ALJ's assessment of Plaintiff's mental, manipulative, or assistive-device limitations, Plaintiff's challenge to the step four determination likewise fails. The ALJ compared Plaintiff's RFC with the physical and mental demands of receptionist work and, relying on the VE's testimony, determined that Plaintiff could perform that work both as actually and generally performed. Tr. 28. Accordingly, substantial evidence supports the ALJ's analysis and the Court affirms the decision.

## V. <u>CONCLUSION</u>

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The Clerk is directed to close the case.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Stephanie A. Gallagher
United States District Judge